UNITED STATES (HUNT v.). See Case No. 6,900.

## Case No. 15,424.

### UNITED STATES v. HUNTER.

[1 Cranch, C. C. 317.] [1]

Circuit Court, District of Columbia. June Term, 1806.

EVIDENCE—CONFESSIONS AND ADMISSIONS.

1. A confession made under the impulse of threats or of promises of favor, is not evidence. But facts discovered in consequence of such confession are evidence.

2. Satisfaction to the owner of the goods stolen, is admissible, but if made merely to avoid the inconvenience of imprisonment, and not under a consciousness of guilt, it is not evidence against the prisoner.

Indictment [against Frederick Hunter] for larceny.

Mr. W. H. Dorsey, for the prisoner, prayed the court to instruct the jury, that if the prisoner's confession was made after threats, &c., or promises of favor, then neither the confession, nor the making satisfaction to the owner. is competent evidence against the prisoner in this prosecution.

Mr. Jones, attorney for the United States, contended, that if the confession be corroborated by any facts discovered in consequence of the confession, the confession itself may go in evidence.

THE COURT gave the following instruction, namely: If the jury should be satisfied, by the evidence, that the confession of the prisoner was made under the impulse of threats or of promises of favor, such confession is not evidence. But that any facts discovered in consequence of such confession, which facts would in themselves be evidence against the prisoner, are still good evidence, notwithstanding they were discovered by means of the confession. That the fact of payment, or satisfaction to the owner of the things stolen, is a fact admissible in evidence to the jury; but if the jury should believe the payment or satisfaction was made merely to avoid the inconvenience of imprisonment or of a trial, and not under a consciousness of having committed the offence, it is not evidence against the prisoner. Verdict, guilty, and sentenced to be fined ten dollars, and whipped ten stripes.

## Case No. 15,425.

### UNITED STATES v. HUNTER (three cases).

### SAME v. DAVIDSON.

[1 Cranch, C. C. 446.] [1]

Circuit Court, District of Columbia, Nov. Term, 1807.

COMPETENCY OF WITNESSES — JOINT CRIME — SEPARATE INDICTMENTS.

1. If several persons, jointly concerned in an assault and battery, be separately indicted, each as for his own offence, and all tried at the same time by the same jury, one of the defendants may be examined as a witness for the others.

[Cited in Johnson v. Chapman, Case No. 7,-378.]

2. In order to make those liable who were only present aiding and abetting, it is not necessary that they should be indicted jointly. nor with a simul cum.

Assault and battery. These were separate indictments [against John Hunter, Colin Hunter, Joseph H. Hunter, and R. H. Davidson, respectively], and not charged simul cum, &c., but were agreed to be tried at the same time by the same jury.

Mr. Taylor, for the defendants, offered John Hunter as a witness for the other defendants.

Mr. Jones, attorney for the United States, objected, unless the jury should first decide on John Hunter's case, saying that the assault of one is the assault of all present aiding and abetting, and the evidence is that one made the assault and the others were present aiding and abetting.

But THE COURT (DUCKETT, Circuit Judge, absent,) said the witness might be sworn in all the cases but his own, inasmuch as they were not jointly indicted, nor charged simul cum, &c., and the swearing the same jury in the four cases, is but as charging four separate juries.

Mr. Jones then moved to discharge the jury from the consideration of John Hunter's case.

But THE COURT refused.

Mr. Taylor then prayed THE COURT to instruct the jury that none of the defendants can be found guilty unless for his own assault and battery, and that the others cannot be found guilty as aiding and abetting John Hunter. That they ought to have been indicted simul cum, or else jointly.

But THE COURT refused, because all present aiding and abetting are principals.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]