## Case No. 16,394.

### UNITED STATES v. STEVENS.

[4 Wash. C. C. 547.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1825.

SEAMEN — CONFINING THE MASTER — PLEADING AND PROOFS—VARIANCE.

1. What constitutes the offence of confining the captain. What is the offence of an assault, with a dangerous weapon.

[Cited in U. S. v. New Bedford Bridge, Case No. 15,867.]

2. An indictment for confining the captain, and for an assault with a dangerous weapon, committed on the high seas in the "outer road" off St. Domingo, in a vessel belonging to citizens of the United States, is supported by proving those offences to have been done in the "inner" road, and in port.

[Cited in U. S. v. Staly, Case No. 16,374; Ex parte Byers, 32 Fed. 407.]

3. The rule as to variance between the indictment and the evidence, as to time and place.

4. The indictment need not negative the fact, that the defendant was tried and convicted or acquitted by the foreign tribunal.

The first count in the indictment was for confining the captain, and the second for an assault on board of a vessel belonging to citizens of the United States, with a dangerous weapon. Both offences are charged to have been committed on the high seas, in the outer road off the port of St. Domingo. The master gave in evidence that, whilst the vessel was lying in the port of St. Domingo, and in the "inner road," he was hastily passing the mate at night, and might unintentionally have touched him with his arm. The mate immediately seized him by his collar, twisted his hand in his cravat, where

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

he held him for some time, and in the struggle, the mate fell on the deck, and the captain on him, the mate still retaining his hold, and the captain repeatedly ordering him to loose his hold and he would let him get up. The mate at length cried out for assistance, which brought two or three persons forward, who with difficulty, relieved the captain from the hold the mate had of him. The captain, apprehending himself to be in danger, retreated to his cabin and got out his pistol, which he laid on his bed, and was then returning to the deck, when, at the foot of the stairs, he was met by the mate, who presented a pistol, which he declared to be loaded, to the breast of the captain. The latter immediately seized the muzzle and turned it from his breast, and succeeded finally, with the assistance of some persons from the deck, to wrest the pistol from his hand.

The District Attorney and Mr. Biddle, for the United States.

Grillin & Pettit, for defendant.

WASHINGTON, Circuit Justice (charging jury). 1. That upon the facts stated by the captain, if believed by the jury, both of the offences charged in the indictment were proved. That the captain was confined upon the deck by the hold taken of him in the first rencontre, and afterward by presenting the pistol at his breast in the cabin, and thereby preventing him, for a time, from going upon deck. And that the latter act amounted to an assault with a dangerous weapon.

2. It has been objected, by the counsel for the defendant, that the evidence being that the alleged offences were committed in the port of St. Domingo, and not in the outer road, off the port, as laid in the indictment, the latter was not supported, and consequently that the verdict must be for the defendant. This objection, in the opinion of the court, cannot avail the defendant, see Chit. Cr. Law, 181–241. Where place or time is material, and enters into the substance of the description of the offence, there it must be precisely laid and proved. So if a scienter be laid, when it forms no part of the offence, or it be laid to be feloniously done when the act is not felonious, neither need be proved. Chitty, in his first volume of Criminal Law, 241, after having stated with what seeming accuracy time, place, sums, magnitudes, quantity, and value must be described in the indictment; sums up the whole doctrine by observing, that a variance in the evidence from those points will never be material, unless the essence, or degree of the offence consists in their correctness. Now it has been decided that the offence of confining the master may be committed in port, as well as on the high seas, and such is the manifest construction of the twelfth section of the crimes act of 1790 [1 Stat.

112]. And by the fifth section of the late crimes act it is declared, that if any offence shall be committed on board of a vessel belonging to a citizen of the United States, while lying in a port within a foreign jurisdiction, by any person belonging to the ship's company, or by any passenger, it may be cognizable by the proper circuit court of the United States, in like manner as if it had been committed on the high seas. The place then where the offence was committed, if it be committed in a foreign port, or on the high seas, does not at all constitute any part or degree of the offence; and being therefore immaterial, it need not be proved. Nor does the proviso to the fifth section make any difference, as the counsel for the defendant contended it did. It is not necessary that the indictment should negative the fact that the defendant had been tried, and convicted or acquitted by the tribunal of the country where the offence was committed. If he was so, it is for the defendant to plead it. The plea is still immaterial to the substance of the description of the offence, or to the degree of it.