## UNITED STATES *v.* NOVECK.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 169.   Argued January 25, 1926.—Decided May 10, 1926.

1. That part of Rev. Stats. § 1044, as amended November 17, 1921, which provides a six year period of limitation "in offenses involving the defrauding or attempts to defraud the United States," does not apply where such fraud is not an element of the offense as defined by the penal statute on which the indictment is based. P. 202.

2. The Act of July 5, 1884, as amended, and Rev. Stats. § 1046, fixing limitations for offenses arising under the internal revenue laws, do not apply to perjury under Criminal Code, § 125.  P. 203.

3. Section 125 of the Criminal Code, defining perjury, does not make intent to defraud the United States an element of the crime. *Id.*

4. Therefore, a prosecution for perjury under § 125 is subject to the three year limitation of Rev. Stats. § 1044, and is not made subject to the six year limitation by allegations of the indictment showing that the false oath was made in an income tax return for the purpose of defrauding the United States. *Id.*

Affirmed.

ERROR to a judgment of the District Court quashing a count charging perjury, upon the ground that prosecution was barred by statute of limitations.

*Assistant to the Attorney General Donovan,* with whom *Solicitor General Mitchell* was on the brief, for the United States.

*Mr. Ben A. Matthews* for defendant in error.

Mr. JUSTICE BUTLER delivered the opinion of the Court.

Defendant in error was indicted November 5, 1923. The first count alleges the commission of perjury on March 13, 1920,—more than three years before indictment. The District Court quashed that count on the ground that the prosecution was barred by the statute of limitations. The case is here under the Criminal Appeals Act of 1907, c. 2564, 34 Stat. 1246.

The count charges " the crime of perjury as defined by section 125 of the United States Criminal Code." That section provides: " Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, . . ." 35 Stat. 1088, 1111. The substance of the charge is that defendant in error on oath stated that the income tax due from S. Noveck & Co., Inc., for 1919, was $1,484.84 on an income of $16,251.66, whereas in fact the tax due was $45,664.91 on an income of $124,127.13. And it is alleged that the perjury was committed " for the purpose of defrauding the United States."

Section 1044 of the Revised Statutes, as amended by the Act of November 17, 1921, c. 124, 42 Stat. 220, provides: " No person shall be prosecuted, . . . for any offense, not capital, except as provided in section 1046, unless the indictment is found . . . within three years next after such offense shall have been committed: *Provided, however,* That in offenses involving the defrauding or attempts to defraud the United States . . . the period

of limitation shall be six years." The amendatory Act added the proviso. Section 1046, Revised Statutes, declares that no person shall be prosecuted for any crime arising under the revenue laws unless the indictment is found within five years after the committing of such crime. The Act of July 5, 1884, c. 225, 23 Stat. 122, as amended by the Revenue Act of 1921, c. 136, 42 Stat. 227, 315, fixes a three-year period of limitation for offenses arising under the internal revenue laws of the United States. Section 125 of the Criminal Code, under which the indictment was found, is not a part of and does not refer to the revenue laws. The limitations fixed in respect of offenses arising under those laws do not apply. See *United States* v. *Hirsch,* 100 U. S. 33; *United States* v. *Rabinowich,* 238 U. S. 78.

Plaintiff in error contends that, as the perjury in this case is charged to have been committed in the making of an income tax return, and is specially alleged to have been committed for the purpose of defrauding the United States, the offense is brought within the proviso to §1044, and that the six year period of limitation applies. But the alleged purpose to defraud the United States is not an element of the crime defined in § 125, on which the indictment is based. That allegation does not affect the charge; it need not be proved and may be rejected as mere surplusage. *In re Lane,* 135 U. S. 443, 448. The construction of §§ 125 and 1044 contended for by the Government divides perjury into two classes. It makes one include offenses having the elements specified in § 125 and the other to include those containing the further element of purpose to defraud the United States. And that would apply similarly to every offense to which the three year period fixed by § 1044 was applicable before the proviso was added. The effect is to create offenses separate and distinct from those defined by specific enactments. Obviously that was not intended. The Act of

November 17, 1921, merely added a proviso to a statute of limitations. Statutes will not be read to create crimes, or new degrees or classes of crime, unless the purpose so to do is plain. The language in question does not require the construction contended for. Indeed it is not at all appropriate for the making of such classifications or the creation of offenses. Its purpose is to apply the six year period to every case in which defrauding or an attempt to defraud the United States is an ingredient under the statute defining the offense. There are several such offenses. Section 37 affords an illustration. But perjury as defined by § 125 does not contain any such element.

*Judgment affirmed.*