## WEINHANDLER v. UNITED STATES.

Circuit Court of Appeals, Second Circuit. June 6, 1927.

No. 306.

**1. Embezzlement ⊚⊸4—Proof that property came lawfully into defendant's possession under circumstances creating fiduciary relation and was wrongfully appropriated establishes "embezzlement."**

"Embezzlement" is established by proof that property came lawfully into defendant's possession under circumstances creating a fiduciary relation between defendant and owner, and that there was a breach of trust or a wrongful appropriation of the property to defendant's use.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Embezzle—Embezzlement.]

**2. Embezzlement ⊚⊸33—Indictment for embezzlement, characterizing act of conversion as wrongful or fraudulent appropriation, is sufficient.**

An indictment for embezzlement is sufficient which characterizes the act of conversion as wrongful or fraudulent appropriation.

**3. Embezzlement ⊚⊸4—Embezzlement Includes an element of fraud.**

Fraud is an element of the crime of embezzlement.

**4. Criminal law ⊚⊸147—Prosecution for embezzlement of property and money of United States is barred by six and not three year statute of limitation (Comp. St. § 10214; Rev. St. § 1044, as amended by Act April 13, 1876, and Act Nov. 17, 1921, § 1 [Comp. St. § 1708]).**

Since fraud is an element of the crime of embezzlement, prosecution under Criminal Code, § 47 (Comp. St. § 10214), for embezzlement of property and money of the United States, is within the six-year statute of limitation, and not barred by three-year limitation, under Rev. St. § 1044, as amended by Act April 13, 1876, and Act Nov. 17, 1921, § 1 (Comp. St. § 1708).

**5. Embezzlement ⊚⊸9—Indictment for embezzlement of money of United States, proceeds of sale of army blankets, held sufficient, whether or not sale was authorized, as against claim that money must have come lawfully into defendant's possession.**

Indictment for embezzlement of money from the United States, particularly the proceeds of army blankets sold, which disclosed that sale of blankets was unauthorized, and that money did not come lawfully into defendant's possession, held not insufficient, on the theory that embezzlement could only be established by showing that money came lawfully into defendant's possession.

**6. Indictment and information ⊚⊸71—Defendant is entitled to substantial statement of charge, but not to such strictness in averment as might defeat justice.**

A defendant is entitled to a substantial statement of the charge against him, but not to such strictness in averment as might defeat the ends of justice.

**7. Criminal law ⊚⊸1167(2)—Error, if any, in misjoinder of counts, held cured by verdict of acquittal on counts alleged to have been misjoined.**

Error, if any, in misjoinder of counts for embezzlement of army blankets and counts for embezzlement of proceeds of sale of such blankets, held cured by jury's acquittal on counts charging embezzlement of blankets.

**8. Embezzlement ⊚⊸44(6)—Evidence held to sustain conviction of army officer of embezzlement of proceeds of sale of army blankets.**

Evidence held to sustain conviction of army officer for embezzlement of proceeds of sale of army blankets as against defense of payment.

**9. Embezzlement ⊚⊸23—Settlement of account after indictment for embezzlement held not to relieve defendant of his criminal responsibility.**

Army officer's settlement of his military account after indictment of embezzlement of proceeds of sale of army blankets held not to relieve him of his criminal responsibility.

**10. Embezzlement ☞43—Certificate of settlement of account, obtained on settlement after indictment for embezzlement held inadmissible.**

In prosecution for embezzlement of proceeds of sale of army blankets, certificate of settlement of his military account, obtained by defendant on payment of civil money judgment after indictment, *held* incompetent and properly excluded.

In Error to the District Court of the United States for the Northern District of New York.

Joseph J. Weinhandler was convicted of embezzlement of property and moneys of the United States, and he brings error. Affirmed.

Merrill & Quinn, of Utica, N. Y. (Stuart G. Gibboney and L. E. Schlechter, both of New York City, of counsel), for plaintiff in error.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.

Before MANTON and L. HAND, Circuit Judges, and CAMPBELL, District Judge.

MANTON, Circuit Judge. The indictment consists of 24 counts; 8 counts charge embezzlement of army blankets; 8 counts, embezzlement of the proceeds of the sale of the same blankets; and 8 counts charge grand larceny. The last 8 counts were dismissed, and the court submitted the issues to the jury as to the 16 counts. The jury acquitted the plaintiff in error of the counts charging embezzlement of the blankets and convicted him on the other 8 counts, finding him guilty of embezzlement of the proceeds of the sale of the same blankets.

The plaintiff in error was a captain of the Field Artillery of the United States Army, and in March, 1919, he was placed in military command of a unit maintained at Cornell University, called Reserve Officers' Training Corps. Here certain supplies and stores were kept, including blankets. In August, 1919, the plaintiff in error was detailed as a quartermaster, and there was turned over to him the property of the government, for which he gave a receipt containing an item of 4,221 blankets. The blankets were kept in stock rooms, and it was the custom to issue such blankets to the students of Cornell University, who applied for them, and who in turn gave a receipt. Due deduction was made from the stock record. On the 26th and 27th of August, 1919, a sale was conducted of blankets, shirts, and shoes, in a public manner, and checks were given in payment thereof. These checks the plaintiff in error deposited in the First National Bank of Ithaca, N. Y. The government had no depository in that city. It is these sales which constitute the charges of the indictment. The sales were made by a sergeant in conformity with the manual of the Quartermaster Corps of the United States Army, and were entered up in the sales slip book, or otherwise they were made out in triplicate records. A check-up was made at the close of each day by the sergeant. Later the plaintiff in error was ordered to a post in Illinois. While there, he transferred his bank account from the First National Bank of Ithaca to a bank in Rochester, Ill., the amount of which was $3,534.99; the proceeds from the sale of the blankets was $2,014. At all times he had as much as that sum either in the bank at Ithaca or Rochester, Ill.

At the trial, the government attempted to show, by all its proof, that the sale was without the authority of the government, and therefore that there was an embezzlement of the blankets. The jury, however, acquitted on these counts.

To support the conviction of guilt on the 8 counts of embezzlement of the proceeds, the government argues there is evidence of an officer of the Chief of Finance of the War Department at Washington, indicating a search had been made through the War Department, and no account was made for the receipt of the cash received at the sale of the blankets. It attempted to prove by negative testimony that there was no authorization for their sale.

There are a number of errors assigned, some of which require consideration. The offense, if any, was committed in August, 1919. The indictment was returned in March, 1925. Section 1044 of the Revised Statutes, as amended (42 Stat. 220, c. 124), provides:

"No person shall be prosecuted, tried, or punished for any offense, not capital, except as provided in section 1046 [crimes under revenue laws or slave trade laws], unless the indictment is found, or the information is instituted, within three years next after such offense shall have been committed: Provided however, that in offenses involving the defrauding or attempts to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner, and now indictable under any existing statutes, the period of limitation shall be six years. This Act shall apply to acts, offenses, or transactions, where the existing statute of limitations has not yet fully run, but this proviso shall not apply to acts, offenses, or transactions which are already barred by the provisions of existing laws. 19 Stat. 32, 42 Stat. 220." Rev.

Stat. U. S. § 1044, as amended, Act April 13, 1876, c. 56, and Act Nov. 17, 1921, c. 124, § 1. U. S. Comp. St. § 1708, Ann. 1923 Supp.

The charge of which the plaintiff in error has been convicted is under section 47 of the United States Criminal Code (Comp. Stat. § 10214), which makes it a felony to embezzle, steal, or purloin any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States. Unless this offense comes within the proviso of section 1044, the three-year limitation is a bar to this prosecution. The Supreme Court said in Hammerschmidt et al. v. United States, 265 U. S. 182, 44 S. Ct. 511, 68 L. Ed. 968:

"To conspire to defraud the United States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest. It is not necessary that the government shall be subjected to property or pecuniary loss by the fraud, but only that its legitimate official action and purpose shall be defeated by misrepresentation, chicane, or the overreaching of those charged with carrying out the governmental intention. It is true that the words 'to defraud,' as used in some statutes have been given a wide meaning, wider than their ordinary scope. They usually signify the deprivation of something of value by trick, deceit, chicane, or overreaching. They do not extend to theft by violence. They refer rather to wronging one in his property rights by dishonest methods or schemes. One would not class robbery or burglary among frauds."

In Haas v. Henkel, 216 U. S. 462, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112, the court again said:

"The deceit of the public, the trickery in the advance publication secured by bribery of an official, and the falsification of the reports, made the fraud and deceit so clear as the gist of the offenses actually charged that their presence was not in dispute."

There it was held that a defendant, charged with obtaining advance information and fraudulently fixing up a false cotton crop report, was defrauding the government. However, perjury committed in making false returns for income tax, thereby defrauding the government of the tax, is subject to the three-year limitation, rather than the six-year limitation. United States v. Noveck, 271 U. S. 201, 46 S. Ct. 476, 70 L. Ed. 904. A charge of conspiracy to defraud the government in respect to the revenue laws is limited by the three-year period under section 1044. United States v. McElvain, 272 U. S. 633, 47 S. Ct. 219, 71 L. Ed. ——.

[1, 2] Embezzlement is established by proof that the property came lawfully into a defendant's possession under circumstances which create a fiduciary relation between a defendant and its owner, and that there was a breach of trust or a wrongful appropriation of the property to the defendant's use. Moore v. United States, 160 U. S. 268, 16 S. Ct. 294, 40 L. Ed. 422. The words "unlawful appropriation" and "fraudulent appropriation" are interchangeable. An indictment for embezzlement is sufficient which characterizes the act of conversion as a wrongful or fraudulent appropriation. United States v. Northway, 120 U. S. 327, 7 S. Ct. 580, 30 L. Ed. 664. In United States v. McElvain, supra, the Supreme Court said, speaking of the proviso:

"Section 1044 is comprehensive in language and purpose; it relates to all crimes, excepting only capital offenses and those arising under the revenue laws and slave trade laws. The purpose of the added proviso was to carve out a special class of cases. It is to be construed strictly, and held to apply only to cases shown to be clearly within its purpose. United States v. Dickson, 15 Pet. 141, 165, 10 L. Ed. 689; Ryan v. Carter, 93 U. S. 78, 83, 23 L. Ed. 807."

The Supreme Court said in Grin v. Shine, 187 U. S. 189, 23 S. Ct. 98, 102, 47 L. Ed. 130, that, "as the word 'embezzled' itself implies fraudulent conduct on the part of the person receiving the money, the addition of the word 'fraudulent' would not enlarge or restrict its signification. Indeed, it is impossible for a person to embezzle the money of another without committing a fraud upon him."

[3, 4] Uttering and publishing a forged indorsement of a draft of the United States Treasury with intent to defraud the United States, is within the proviso. Bailey v. United States (C. C. A.) 13 F.(2d) 325. In view of these authorities, we hold that fraud is an element of the crime of embezzlement. By withholding and converting the money received as the proceeds of the sale, the plaintiff in error did in fact and in law commit a fraud against the United States, and the time in which he may be prosecuted for that offense falls within the six-year proviso of section 1044 of the Revised Statutes.

[5] It is argued that the counts upon which the plaintiff in error was convicted were defective, because on their face it appears that the money alleged to have been embezzled was

not the property of the United States and did not lawfully come into plaintiff in error's possession; that, if the money was embezzled, then the sale of the goods must have been lawful. The indictment in substance charges that the plaintiff in error was intrusted with the blankets—the care, custody, and control—and that they were the property of the United States, and thereafter, with intent to injure and defraud the United States, the owner, he did embezzle and convert to his own use the sums of money which came into his possession from the sale as an officer of the United States Army. This advised the plaintiff in error of the charge he was called upon to meet. If the blankets belonged to the United States and were sold, the proceeds belonged to the government, whether or not the sale was authorized. There is ample by way of allegation in the indictment charging embezzlement of the proceeds of a sale of property of the United States. It is definite and certain, and every essential element of the crime is covered in its allegations.

[6] A defendant is entitled to a substantial statement of the charge against him, but not to such strictness in averment as might defeat the ends of justice. Evans v. United States, 153 U. S. 584, 14 S. Ct. 934, 38 L. Ed. 830; Brown v. United States (C. C. A.) 143 F. 65. The charge defines the offense condemned within the statute and is sufficiently specific. Ledbetter v. United States, 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162; Hall v. United States (C. C. A.) 277 F. 22. The money here was due the United States after an authorized sale, as the jury found, and to keep it was to defraud the United States. United States v. Johnston, 268 U. S. 226, 45 S. Ct. 496, 69 L. Ed. 925.

[7] Error is alleged in the misjoinder of the counts of the indictment charging embezzlement of the blankets with the embezzlement of the money, but the acquittal by the jury of the counts dealing with the embezzlement of the blankets cured the misjoinder, if any. United States v. Beaux Arts Dress Co. (C. C. A.) 9 F.(2d) 531.

[8] That the plaintiff in error sold the blankets and received the proceeds and deposited the moneys in his own account is indeed not disputed. Whether or not he was authorized to do so becomes of little importance, if he failed to account for the proceeds of the sale. Whether or not he made return of the proceeds was a jury question. There is evidence, by search of the record, that he never did account. He deposited the moneys in his own bank account, and seems to have made withdrawals from that account. His defense was payment. He offered no receipt, and the jury did not accept it. We cannot set aside that finding.

[9, 10] The plaintiff in error offered in evidence a certificate of settlement of his military account. It is dated August 17, 1925, after his indictment and arraignment, and after claim was made on the bond he furnished. There is a statement in the record by his counsel that a civil money judgment was paid prior to the date of this certificate. This did not relieve plaintiff in error from his criminal responsibility. The matter of the settlement of the civil suit, or the certificate given thereafter, was not competent on the trial of this indictment, and it was not error to exclude the certificate. A careful examination of this long record discloses no error which would warrant our reversing the judgment of conviction.

Judgment affirmed.