## COLLINS v. UNITED STATES. *

Circuit Court of Appeals, Eighth Circuit.
June 10, 1927.

No. 7133.

1. **Post office ⊸48.(6)—Indictment charging that defendant did "take, steal, and carry away" certain mail bag held not demurrable in use of words "and carry away," not found in statute (Comp. St. § 10364).**

Indictment under Criminal Code, § 194 (Comp. St. § 10364), charging that defendant did unlawfully "take, steal, and carry away, and aid and assist in taking, stealing, and carrying away, one certain mail bag," etc., *held* not demurrable for use of words "and carry away," though such words are not contained in statute.

2. **Post office ⊸48(6)—Indictment under statute for taking and stealing mail bag need not name owner or state that bag was of any value (Comp. St. § 10364).**

Indictment under Criminal Code, § 194 (Comp. St. § 10364), for taking, stealing, and carrying away certain mail bags, *held* not demurrable for failure to state who was the owner of the mail bags, or for failure to state that they were property of any value.

3. **Indictment and information ⊸86(2)—Indictment for taking and stealing certain mail bags from railway mail car need not definitely describe mail car and exact place of theft (Comp. St. § 10364).**

Indictment under Criminal Code, § 194 (Comp. St. § 10364), for taking and stealing certain mail bags from railway mail car, *held* not demurrable for failure to definitely describe the mail car and the exact place from which the mail bags were stolen, particularly in view of showing that defendant was fully advised of the particular offense charged.

4. **Indictment and information ⊸125(40)—Indictment charging that defendant did "take, steal, * * * and aid and assist in taking, stealing," etc., a certain mail bag, held not duplicitous (Comp. St. § 10364).**

Indictment under Criminal Code, § 194 (Comp. St. § 10364), charging that defendant did "take, steal, and carry away, and aid and assist in taking, stealing, and carrying away," etc., *held* not duplicitous in charging that defendant both took and stole the bags, or in charging that he both stole and aided and assisted in the stealing.

5. **Criminal law ⊸196—Test on plea of former jeopardy is whether same evidence would support conviction in both cases.**

On plea of former jeopardy, the test is whether the same evidence would be sufficient to support conviction in both cases.

6. **Criminal law ⊸157—Prosecution for theft of mail bag held not barred by three-year statute of limitation (Comp. St. § 10364).**

Where indictment charging theft of mail bag in violation of Criminal Code, § 194 (Comp. St. § 10364), on November 13, 1920, in Western division of Southern district of Iowa, was returned in Central division of same district on May 11, 1921, but not filed in Western division until more than three years after date of alleged offense, *held*, prosecution was not barred by limitation; it being immaterial that indictment was returned in division different from one where offense was committed.

7. **Criminal law ⊸576(8)—Defendant held not denied speedy trial, in absence of any showing that earlier trial was demanded.**

Defendant's constitutional right to speedy trial *held* not infringed, in absence of any showing of demand that an earlier trial be afforded him.

8. **Criminal law ⊸995(6)—Sentence to "serve five years on each count at federal prison at Atlanta, Ga., and they shall be served consecutively," held not indefinite, nor sentence for five years only.**

Sentence that defendant should "serve five years on each count at the federal prison at Atlanta, Ga., and that they should be served consecutively," *held* not void for indefiniteness, nor construable as meaning imprisonment for five years only.

9. **Post office ⊸49(13)—Evidence of participation in mail robbery held to sustain conviction for theft of bags which did not come into defendant's possession (Comp. St. §§ 10364, 10506).**

In prosecution under Criminal Code, § 194 (Comp. St. § 10364), for theft of certain mail bags, evidence showing that defendant, though not actually participating in entry of mail car, had aided in planning robbery, and that half of the mail bags taken came into his possession, *held* sufficient to sustain conviction for theft of bags which did not come into his possession, in view of Criminal Code, § 332 (Comp. St. § 10506).

10. **Criminal law ⊸59(3)—Aider and abettor need not be present at actual commission of offense, or know details thereof (Comp. St. § 10506).**

Under Criminal Code, § 332 (Comp. St. § 10506), an aider and abettor need not be present at the actual commission of the offense, and consequently need not know all the details thereof.

11. **Indictment and information ⊸174—Defendant, charged as principal, may be convicted on evidence showing that he merely aided and abetted (Comp. St. § 10506).**

Indictment may charge defendant with being a principal in the commission of the offense, and under Criminal Code, § 332 (Comp. St. § 10506), conviction may be had on evidence showing that he merely aided and abetted.

12. **Criminal law ⊸80—Aider and abettor may be indicted separately as principal, without regard to real principal (Comp. St. § 10506).**

Under Criminal Code, § 332 (Comp. St. § 10506), an aider and abettor may be indicted separately as a principal, without regard to real principal.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

*Rehearing denied October 5, 1927.

Keith Collins was convicted of theft of certain mail bags, in violation of Criminal Code, § 194, and he brings error. Affirmed.

E. D. O'Sullivan, of Omaha, Neb. (W. N. Jamieson and C. J. Southard, both of Omaha, Neb., and J. J. Hess, of Council Bluffs, Iowa, on the brief), for plaintiff in error.

Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa (Ross R. Mowry, U. S. Atty., of Newton, Iowa, and Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa, on the brief), for the United States.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and KENNAMER, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment of conviction of plaintiff in error, hereafter called defendant, under an indictment charging him with violations of section 194 of the Criminal Code (Comp. St. § 10364). The charging part of count 1 of the indictment reads as follows:

"That one Keith Collins, on or about the 13th day of November in the year of our Lord one thousand nine hundred and twenty, did at Council Bluffs, in the Western division of the Southern district of Iowa, and within the jurisdiction of this court, unlawfully, willfully, and feloniously take, steal, and carry away, and aid and assist in taking, stealing and carrying away, from an authorized depository for mail matter, to wit, the United States railway mail car of the Chicago & Council Bluffs railway post office, one certain mail bag, which said mail bag is more particularly described as follows, to wit: Mail bag bearing label 'From San Francisco, California, to Washington, D C.,' closed by rotary lock No. D3789-29, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The other counts, four in number, are similar, except as to the mail bags specified. Section 194 Criminal Code, so far as here material, reads as follows:

"Whoever shall steal, take, * * * from or out of any mail, post office, or station thereof, or other authorized depository for mail matter, * * * any letter, postal card, package, bag, or mail, or shall abstract or remove from any such * * * bag, or mail, any article or thing contained therein, * * * or whoever shall * * * receive, * * * or shall unlawfully have in his possession, any * * * bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been so stolen, taken, embezzled, or abstracted, * * * shall be fined not more than $2,000, or imprisoned not more than five years, or both."

A special demurrer was interposed to the indictment, and overruled. A plea of former conviction was presented, to which the Government interposed an answer denying the same. In support of the plea there were offered from the records of the court in the former case, the indictment, arraignment, plea of guilty, and judgment. The plea of former conviction was overruled. The defendant refusing to plead further, a plea of not guilty was entered and the trial proceeded.

At the close of the government's case, and again at the close of all the evidence, a motion for directed verdict was made by defendant. It was denied. Motion was also made to dismiss the indictment, on the ground that it was not returned against defendant until more than three years had elapsed after the offense charged was committed. The motion was denied.

Defendant was found guilty on each count of the indictment. Motion in arrest of judgment was made and denied. Sentence was imposed of five years' imprisonment on each count, to be served consecutively. Eight specifications of error are relied upon.

[1] One of them challenges the overruling of the demurrer. Various grounds were set out in the demurrer: One was that the indictment did not allege the offense in the same language as the statute. The words "and carry away" are pointed out as not being contained in the statute. This is true, and those words are no part of the offense denounced by the statute. They might properly be disregarded as surplusage; and so the court held and so charged the jury. There was no error here. United States v. Noveck, 271 U. S. 201, 46 S. Ct. 476, 70 L. Ed. 904; Mathews v. United States, 15 F.(2d) 139 (C. C. A. 8).

[2] Another ground of the demurrer was that the indictment did not state who was the owner of the mail bags; nor did it state that they were property of any value. This was not necessary. Bowers v. United States, 148 F. 379 (C. C. A. 8).

[3] Another ground of the demurrer was that the indictment was not sufficiently definite in describing the mail car, and the exact place where the mail bags were stolen. That the indictment was sufficiently definite to advise the defendant of the particular offense charged, appears conclusively from the affi-

davit interposed by him in connection with his plea of former jeopardy. The affidavit reads:

"I, Keith Collins, being first duly sworn, depose and say that I am the defendant in the above-entitled case, which is known as case No. 2529, pending for trial in this court; that I am one and the same person as the Keith Collins mentioned in the certified pleadings attached to the plea of former conviction filed in this case, and that the matters appearing of record in the Western and Central divisions of said court, entitled 'United States of America v. Keith Collins,' have reference to me, and I am the party who was previously convicted of a violation of section 194 of the Criminal Code of the United States for that district, which case is known and designated as criminal No. 2574; that the facts which constitute the basis for the indictment now pending are parts of the same continuous state of facts, or alleged criminal acts, inspired by the same alleged criminal intent upon which the former indictment was returned and are the same transactions covered by the indictment to which the plea of guilty was entered. Further deponent sayeth not."

[4] Still another ground of the demurrer was that each of the counts of the indictment was duplicitous (a) in that it charged that defendant did both *take* and *steal* the mail bags; and (b) in that it charged that defendant did both *steal* the mail bags and did *aid and assist* in stealing the same. There is no merit in this charge of duplicity in either respect. Under section 194 it is proper to charge a defendant with doing several of the acts denounced, and, if any one is proven, it is sufficient. Crain v. United States, 162 U. S. 625, 636, 16 S. Ct. 952, 40 L. Ed. 1097; Ackley v. United States, 200 F. 217 (C. C. A. 8); Simpson v. United States (C. C. A.) 229 F. 940; Jacobsen v. United States (C. C. A.) 272 F. 399; Rowan v. United States (C. C. A.) 281 F. 137.

Furthermore, there is but one offense charged, though defendant is alleged to have stolen the mail bags, and also to have aided and abetted the stealing. It is optional with the pleader whether an aider and abettor shall be charged as such, or as a principal under the aider and abettor statute, section 332 Criminal Code (Comp. St. § 10506). All are principals, and the offense of each is the same. Ruthenberg v. United States, 245 U. S. 480, 483, 38 S. Ct. 168, 62 L. Ed. 414. It may be repetitious to charge one as a principal, and also as an aider and abettor, in the same count; but this does not make the count duplicitous.

Another specification of error challenges the overruling of the plea of former conviction. A comparison of the indictment in the former case with the indictment in the case at bar clearly demonstrates that the offenses charged in the two indictments were entirely distinct, though all grew out of one transaction.

[5] On a plea of former jeopardy, the test is whether the same evidence would be sufficient for conviction in both cases. Morgan v. Devine, 237 U. S. 632, 641, 35 S. Ct. 712, 59 L. Ed. 1153; Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489. It is clear from reading the indictment that the same evidence would not suffice in both. Counsel for defendant concedes this when he says that the evidence in the case at bar would be the same as required under the first indictment, "with a few additions."

Another specification of error relates to an illustration used by the court in its charge to the jury. While the illustration might better have been omitted, yet we think no reversible error resulted.

Another specification of error is based on the refusal of the court to give a requested instruction relative to locus pœnitentiæ. The request was properly refused. The evidence was not such as to make the requested instruction pertinent.

[6] One of the specifications of error raises the question of the statute of limitations. The offense was charged to have been committed on the 13th of November, 1920, in the Western division of the Southern district of Iowa. The indictment was returned in the Central division of the same district on May 11, 1921, but was not filed in the Western division until more than three years had elapsed from the 13th of November, 1920. We hold that the indictment was returned in time. The fact that it was returned in a division different from the one where the offense was committed is not of importance. Such practice is common and valid. Salinger v. Loisel, 265 U. S. 224, 235, 44 S. Ct. 519, 68 L. Ed. 989; Biggerstaff v. United States, 260 F. 926 (C. C. A. 8).

[7] Nor is there any merit in the contention that defendant's constitutional right to a "speedy trial" was infringed. There is no showing that he demanded an earlier trial than was afforded him. Phillips v. United States, 201 F. 259, 262 (C. C. A. 8); Worthington v. United States (C. C. A.) 1 F.(2d)

154. See, also, Frankel v. Woodrough, 7 F. (2d) 796 (C. C. A. 8).

[8] Another specification of error challenges the validity of the sentence on account of its form. The sentence was that defendant should "serve five years on each count at the federal prison at Atlanta, Ga., and that they shall be served consecutively." The contention is that the sentence was void for indefiniteness, or that it meant imprisonment for five years only. The contention cannot be sustained. United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309.

[9] One other specification of error (the only one which has raised any doubt) requires consideration, viz. that the court erred in denying the motion for a directed verdict. It is contended (a) that the evidence was not sufficient to sustain conviction; (b) that there was a fatal variance between the allegations in the indictment and the proof. There is evidence or admissions of counsel in the record tending to establish facts substantially as follows:

November 13, 1920, about 6:30 p. m., train No. 8 on the Chicago, Burlington & Quincy Railroad was proceeding easterly from the Union Pacific Transfer in Council Bluffs, Iowa. In the train was a mail storage car, located next to the engine, and carrying mail bags, including those mentioned in the indictment, containing registered mail. When the train was near the Illinois Central Crossing, ten mail bags were thrown out from this mail storage car about the same time and as one continuous transaction. Defendant in an automobile was waiting, according to a prearranged plan, at a point nearby, and saw a number of bags thrown out as the train passed by. Presently Fred Poffenbarger and Orville Phillips, two confederates of defendant, appeared with five of the bags which had been thrown out—none of which, however, are included in the present indictment—and placed them in the automobile with defendant. Defendant had a short time previously brought these two men to a point where they could conveniently board the train at the Union Pacific Transfer. One or both of them had boarded the train, broken and entered the mail storage car, and thrown out the ten bags. The automobile which defendant was using had been stolen by him for the purpose of the transaction. After receiving the five mail bags, defendant alone drove to his own home, where he rifled the bags. Among the contents were about $50,000 in cash and $500,000 in Liberty Bonds. Later the same night Fred Poffenbarger

came to defendant's home, and defendant gave him about $25,000 in cash. The mail bags were burned. The Liberty Bonds, according to defendant's story, were placed by him in a suitcase and thrown into the Missouri river. The other five bags, which had been thrown out and which are covered by the present indictment, were recovered; but the condition of four of them showed that access had been had to their contents. The scheme of the robbery had been talked over between Poffenbarger and defendant several times before it was executed, and they had visited the location where the bags were to be thrown out.

Defendant was indicted on November 30, 1920, in the Central division of the Southern district of Iowa. The indictment contained six counts. Each of the first five charged him with unlawfully receiving and having in possession one of the five bags which he had received in the automobile. The sixth charged him with unlawfully abstracting the contents of the same five bags. Defendant pleaded guilty and was sentenced to the penitentiary at Leavenworth for 15 years on each count, the sentences to run concurrently. After serving 5 years, defendant was released under a writ of habeas corpus, on the ground that the maximum penalty under section 194, Criminal Code, was 5 years.

As already stated, the indictment in the case at bar (the second indictment) relates solely to the five mail bags which were not received by defendant, and which, so far as the evidence shows, he never saw. Nor is there any evidence that he received any part of their contents. On this state of the evidence, two questions arise: Does the evidence support the verdict that defendant was guilty of *stealing* mail bags which he had never seen? Or does it merely show him guilty of receiving part of the money secured from some of the stolen bags?—an offense with which he was not charged by the indictment. If the first question is answered in the affirmative, the second question becomes immaterial. If the first question is answered in the negative, then the question of fatal variance under the second question becomes important.

It must be conceded that defendant did not perform the manual act of stealing the bags covered by the present indictment. He never had them in his possession; he never saw them; and before the stealing, at least, he did not know of their existence, so far as the evidence shows. Can the defendant be held as a statutory principal under section 332, Criminal Code? That statute has been

construed to be of very broad scope. For example, it has been held that one who induces another to commit perjury is guilty of subornation of perjury under section 126 (Comp. St. § 10296), and also guilty of perjury itself by virtue of section 332. Hammer v. United States, 271 U. S. 620, 628, 46 S. Ct. 603, 70 L. Ed. 1118.

[10] Moreover, it has been held that the aider and abettor need not be present at the actual commission of the offense, and consequently need not know all the details of the same. Jin Fuey Moy v. United States, 254 U. S. 189, 41 S. Ct. 98, 65 L. Ed. 214; Vane v. United States (C. C. A.) 254 F. 32; Parisi v. United States (C. C. A.) 279 F. 253; Colbeck v. United States (C. C. A.) 10 F.(2d) 401.

[11] It has also been held that an indictment may charge defendant with being a principal in the commission of an offense, and conviction will follow if the evidence sufficiently shows that he was merely an aider and abettor. Jin Fuey Moy v. United States, supra; Vane v. United States, supra; Rosencranz v. United States (C. C. A.) 155 F. 38; Rooney v. United States (C. C. A.) 203 F. 928; Di Preta v. United States (C. C. A.) 270 F. 73; Remus v. United States (C. C. A.) 291 F. 513; Dukich v. United States (C. C. A.) 296 F. 691; Greenberg v. United States, 297 F. 45, 48 (C. C. A. 8); Colbeck v. United States, supra; Gay v. United States (C. C. A.) 12 F.(2d) 433.

[12] It has been further held that the aider and abettor may be indicted separately as principal, without regard to the real principal. Jin Fuey Moy v. United States, supra; Wood v. United States (C. C. A.) 204 F. 55; Kelly v. United States (C. C. A.) 258 F. 392, 402; United States v. Hunter, 26 Fed. Cas. 436, No. 15,425.

In the light of these principles, let us examine the record in the case at bar: Defendant was indicted separately. He was indicted both as a principal and as an aider. Either would have been sufficient. He was not present at the actual commission of the offense, but he had helped plan the robbery of the mail car. He had helped procure the vehicle to carry his confederates to the vicinity of the place of the robbery, and had accompanied them. He waited nearby for them while they were robbing the car. He furnished means for carrying away part of the stolen goods. He shared in the spoils.

It is true only five of the bags were brought to him, and that he never saw any of the five bags covered by the present indict-ment. But the evidence shows that he was an aider and abettor in the stealing of all ten bags, before any of the bags were brought to him. He could not thereafter limit his criminal liability for the stealing. On the contrary, being an aider and abettor in the whole scheme, and therefore under the statute a principal in the scheme, he and his copartners were mutually liable for each other's acts in carrying out the scheme: Provided, the acts were within the plan, scope, and purpose of the scheme. Hume v. United States (C. C. A.) 118 F. 689; Burton v. United States, 142 F. 57, 62 (C. C. A. 8); Blanton v. United States, 213 F. 320, 324, Ann. Cas. 1914D, 1238 (C. C. A. 8); Chambers v. United States, 237 F. 513, 524 (C. C. A. 8). See Hitchman Coal & Coke Co. v. Mitchell, 245 U. S. 229, 249, 38 S. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461.

We think the evidence supports the verdict, and that the judgment should be affirmed.

It is so ordered.