## DAY v. UNITED STATES.*

Circuit Court of Appeals, Eighth Circuit.
September 29, 1928.

No. 8096.

Pratt P. Bacon, of Texarkana, Ark., for plaintiff in error.

S. S. Langley, U. S. Atty., and W. N. Ivie, Asst. U. S. Atty., both of Ft. Smith, Ark.

Before BOOTH, Circuit Judge, and POLLOCK and DEWEY, District Judges.

BOOTH, Circuit Judge, delivered the opinion of the court. This is a writ of error to a judgment of conviction for violation of certain internal revenue laws (U. S. C. tit.

26, §§ 281, 284, 303, 304, 306 [26 USCA §§ 281, 284, 303, 304, 306]). The indictment contained six counts. The first read as follows:

"That on the 12th day of July, A. D. 1927, in said Division and District, before the finding of this indictment, and within the jurisdiction of the said court, in the County of Miller, on the Chainfish place about 6 miles East of Texarkana, Arkansas, Herbert Day did unlawfully have in his possession and custody, and under his control, a still and distilling apparatus for the production of spirituous liquors set up without having the same registered as required by law, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The second count charged unlawfully carrying on the business of a distiller without having given a bond; the third charged unlawfully carrying on the same business with intent to defraud the United States of the tax on the spirits distilled; the fourth charged unlawfully working in a distillery upon which no sign bearing the words "Registered Distillery" was placed; the fifth charged unlawfully carrying away distilled spirits from a distillery upon which there was no sign "Registered Distillery"; the sixth charged delivering raw materials for the production of spirituous liquors to a distillery upon which there was no sign "Registered Distillery."

There was evidence introduced at the trial tending to show that in the afternoon of July 12, 1927, certain prohibition agents went upon a farm lot about 6 miles east of Texarkana, and there found a still in operation. As they approached, a man ran away. He was the only person seen there. The man was identified as the defendant. The distillery did not have upon it a sign "Registered Distillery." The trial resulted in a verdict of guilty on the first four counts, and not guilty on the fifth and sixth.

One of the questions raised by the assignments of error is whether there was a fatal variance between the allegations of the indictment and the proof. As shown by the first count quoted above, it was charged that the still was located "in the County of Miller, on the Chainfish place about 6 miles East of Texarkana, Arkansas." It is contended that the proof showed that the still found was not located on the Chainfish place, though it was in the county of Miller, about six miles east of Texarkana. Though there was some slight evidence that the still was located on what was known as the Chainfish place, yet

*Certiorari denied by Supreme Court, 49 S. Ct. 96, 73 L. Ed. ——.

the overwhelming weight of the evidence was to the effect that the still was located on land which was from a quarter to half a mile distant from the Chainfish place. There is no contention that the location was not in Miller county, Arkansas, about six miles east of Texarkana, and within the jurisdiction of the court. Conceding that there was a variance as contended, the question arises whether the variance was fatal.

Allegations in an indictment as to place, when place is not an essential ingredient of the offense, generally serve three purposes: First, as showing that the offense was committed within the jurisdiction of the court; second, as identifying the offense and thus enabling the defendant to prepare his defense; third, as identifying the offense, and thus enabling the defendant to plead former acquittal or conviction against a second charge for the same offense.

In the case at bar the particular place was not an essential ingredient of the offense. Further, both the allegations of the indictment and the proof showed that the offense was committed within the jurisdiction of the court, so that the variance did not affect the jurisdiction. Again, the proof showed that the defendant knew the place intended to be described, that he visited the place after the present charge was made against him, and that he sought to prove an alibi as one of his defenses. Clearly the defendant was not misled by the variance. Finally, the evidence showed with great particularity the exact place where the still was located and the surrounding topography, so that defendant could easily and with certainty protect himself if he were charged with the same offense a second time.

Such being the situation, we think that the words, "on the Chainfish place," in the indictment, should be considered surplusage, Ford v. United States, 273 U. S. 593, 602, 47 S. Ct. 531, 71 L. Ed. 793; United States v. Noveck, 271 U. S. 201, 203, 46 S. Ct. 476, 70 L. Ed. 904; Johnson v. Biddle, 12 F. (2d) 366 (C. C. A. 8); Rieger v. United States, 107 F. 916 (C. C. A. 8); or that the variance was in regard to a matter not essential to the charge, and therefore not fatal, 31 C. J. p. 841, § 453; Mathews v. United States, 15 F. (2d) 139 (C. C. A. 8); United States v. Stevens, 27 Fed. Cas. 1325, No. 16,394.

Counsel for plaintiff in error in his brief urges that the court erred in failing to properly instruct the jury as to the meaning of the phrase, "business of a distiller," as used in the second and third counts. We find it unnecessary to discuss this matter, for the reason that the alleged error is not set out in the assignment of errors in accordance with rule 11 of this court, and it is not of such importance as to impel us to consider the same, despite the nonobservance of the rule.

For the same reason, we do not consider the point argued in the brief of plaintiff in error, that the court erred in failing to give a requested instruction to the effect that proof of the mere presence of plaintiff in error at the place where the still was located would not be evidence that he did any work there, as alleged in count 4.

A consideration of the whole case leads us to the conclusion that there was substantial evidence to support the verdict, and the judgment is affirmed.