## UNITED STATES v. SHOSO NII.

### Cr. No. 10420.

United States District Court
D. Honolulu, Hawaii.
First Division.
April 27, 1951.

Howard K. Hoddick, Acting U. S. Atty. District of Hawaii, Nat Richardson, Jr., Asst. U. S. Atty. District of Hawaii, Honolulu, T. H., for plaintiff.

Tsukiyama & Yamaguchi, Honolulu, T. H., for defendant.

METZGER, District Judge.

The defendant was indicted in two counts under 22 U.S.C.A. § 220, now 18 U.S.C.A. § 1542, hereinafter referred to as the Passport Act.

Section 220 reads as follows: "Whoever shall willfully and knowingly make any

false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws, or whoever shall willfully and knowingly use or attempt to use, or furnish to another for use, any passport the issue of which was secured in any way by reason of any false statement, shall be fined not more than $2,000 or imprisoned not more than five years or both."

Count 1 of the indictment charges that the defendant violated the Passport Act by making a false statement in an application for a United States passport on October 6, 1947, and Count 2 charges that on November 8, 1947, he used and attempted to use a passport the issue of which was obtained by reason of a false statement. The indictment was returned on March 14, 1951.

The defendant has filed a motion to dismiss the indictment, on the ground that it was not found within three years after the alleged offenses were committed.

The plaintiff insists, however, that the "Wartime Suspension of Limitations" statute, 18 U.S.C.A. § 3287, should apply in the instant case. The relevant provisions of that statute are as follows: "When the United States is at war the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, * * * shall be suspended until three years after the termination of hostilities as proclaimed by the President or by a concurrent resolution of Congress."

The foregoing section is a substantial restatement, in all relevant respects, of the former 18 U.S.C.A. § 590a.

By Proclamation No. 2714, issued on December 31, 1946, the President declared that, "Although a state of war still exists", "hostilities have terminated", as of that date, 50 U.S.C.A.Appendix, § 601 note. Therefore, if Section 3287 applied, the period of limitations would expire on December 31, 1952, or three years after the expiration date of the suspension period provided for in that section.

The defendant, however, earnestly contends that Section 3287 is not applicable, for the reason that Section 220, supra, does not in so many words involve "fraud or attempted fraud against the United States".

Such a construction of Section 220 may seem to be strained, but it is literally true and such construction seems to find support in the interpretation given by the Supreme Court to former 18 U.S.C.A. § 582, now § 3282, which contained a proviso fixing the period of limitation at six years "in offenses involving the defrauding or attempts to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner, * * *."

In United States v. Noveck, 271 U.S. 201, 203–204, 46 S.Ct. 476, 70 L.Ed. 904, the charge was perjury, as defined by Section 125 of the former Criminal Code. The indictment charged that the defendant made the perjurious statement "for the purpose of defrauding the United States" in an income tax matter. Yet even in that case, the Supreme Court held that, since such defrauding was not "an element of the crime defined in section 125, the six-year limitation could not apply: "The construction of sections 125 and 1044 [the latter containing the six-year proviso] contended for by the government divides perjury into two classes. It makes one include offenses having the elements specified in section 125 and the other to include those containing the further element of purpose to defraud the United States. And that would apply similarly to every offense to which the three-year period fixed by section 1044 was applicable before the proviso was added. The effect is to create offenses separate and distinct from those defined by specific enactments. Obviously that was not intended. The Act of November 17, 1921, merely added a proviso to a statute of limitations. Statutes will not be read to create crimes, or new degrees or classes of crime, unless the purpose so to do is plain. The language in question does not require the construction contended for. Indeed it is not all

appropriate for the making of such classifications or the creation of offenses. Its purpose is to apply the six-year period to every case in which defrauding or an attempt to defraud the United States is an ingredient under the statute defining the offense. There are several such offenses. Section 37 affords an illustration. But perjury as defined by section 125 does not contain any such element."

In United States v. Scharton, 285 U.S. 518, 521–522, 52 S.Ct. 416, 76 L.Ed 917, the charges set forth attempts to evade income taxes by falsely understating taxable income. The statute punished attempts "to evade or defeat any tax". Yet even in that case, the Supreme Court, after taking pains to enumerate eleven statutes "expressly making intent to defraud an element of a specified offense against the revenue laws", added: "And, as the section has to do with statutory crimes, it is to be liberally interpreted in favor of repose, and ought not to be extended by construction to embrace so-called frauds *not so denominated* by the statutes creating offenses. (Cases cited). The purpose of the proviso is to apply the six-year period to cases 'in which defrauding or an attempt to defraud * * * is an ingredient under the statute defining the offense.' United States v. Noveck, supra." (Emphasis supplied.)

In a recent case, the Court of Appeals for this Circuit refrained from expressing an opinion as to the effect of the suspension acts. Bridges v. United States, 9 Cir., 184 F.2d 881, 883. In two other Circuits, however, the Noveck and Scharton cases have been construed in the same way that this Court is now interpreting them.

The decisions referred to are Marzani v. United States, 83 U.S.App.D.C. 78, 168 F.2d 133, 135–137, affirmed by an equally divided court, 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431, reaffirmed by an equally divided court, 336 U.S. 922, 69 S.Ct. 513, 93 L.Ed. 1075; United States v. Obermeier, 2 Cir., 186 F.2d 243, 256–257. The latter decision, handed down on December 20, 1950, seems to have been overlooked by counsel.

Accordingly, the motion to dismiss the indictment on the ground that it was not found within three years after the alleged offenses were committed is granted. The indictment is dismissed.