UNITED STATES of America
v.
Hattie Freeman DODSON and Howard T. Dodson, Defendants.

United States District Court
S. D. New York.
Aug. 1, 1955.

Harrison S. Jackson, of New York City, for defendants. Frederick H. Block and Robert B. Block, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., New York City, for the Southern Dist. of New York, for United States of America.

Clarence Clyde Ferguson, Jr., Asst. U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

This motion raises the issue as to whether the three-year statute of limitations or the six-year statute of limitations is applicable to prosecution under the 1939 Internal Revenue Code of an individual who knowingly subscribes and files an income tax return, which was verified by a written declaration that it was made under the penalties of perjury, when such return was false and the person making it and filing it knew at the time that it was false.

Title 26 U.S.C. § 3809(a) provides that a person who makes and subscribes a return under such conditions shall be guilty of a felony.

The applicable provision of the statute of limitations is Title 26 U.S.C. § 3748, which reads as follows:

"(a) *Criminal prosecutions.* No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, except that the period of limitation shall be five years for offenses enumerated in section 4047 (e) (relating to unlawful acts of revenue officers or agents) and except that the period of limitation shall be six years—

"(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner * * *."

The issue is, therefore, whether the alleged perjurious subscribing of an income tax return is an offense "involving the defrauding or attempting to defraud the United States", or whether it is simply an offense "arising under the Internal Revenue Laws of the United States".

This issue has heretofore been before the Supreme Court which, in similar situations, ruled that the three-year statute of limitations is applicable. United States v. Noveck, 1926, 271 U.S. 201, 46 S.Ct. 476, 70 L.Ed. 904; United States v. Scharton, 1932, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917.

In 1954, the statute was amended to provide that perjury in income tax returns was to be governed by a six-year statute of limitations, Internal Revenue Code of 1954, §.6531, 26 U.S.C.A.; but this provision became applicable only to offenses committed after the date of the enactment of the 1954 Code. See § 7851 (a) (6) (C) (iii). The fact that it became necessary to amend the statute is a persuasive argument that up to the time of the passing of the 1954 Act, perjury in connection with income tax returns was governed by the three-year statute of limitations.

The motion to dismiss Counts 23, 24, 28, 29, 33 and 34 is granted.

The motion to dismiss Counts 22, 27 and 32 is also granted since those Counts are also barred by the statutes of limitations, as is conceded by the United States Attorney.

The motion to dismiss certain counts of the indictment on the ground of improper joinder and multiplicity of offenses is denied.

So ordered.