## UNITED STATES v. REISLEY.
### No. 8264b.

District Court, D. New Jersey.
Oct. 8, 1940.

For former opinion, see 32 F.Supp. 432.

Braelow & Tepper, of Newark, N. J., for Reisley.

William F. Smith, Acting U. S. Atty., of Trenton, N. J., for the United States.

MARIS, Circuit Judge.

By a motion for a new trial the defendant raises the question whether the evidence sustains his conviction for a violation of section 113 of the Criminal Code, 18 U.S.C.A. § 203. That section provides: "Whoever, being elected or appointed a Senator, Member of or Delegate to Congress, or a Resident Commissioner, shall, after his election or appointment and either before or after he has qualified, and during his continuance in office, or being the head of a department, or other officer or clerk in the employ of the United States, shall, directly or indirectly, receive, or agree to receive, any compensation whatever for any services rendered or to be rendered to any person, either by himself or another, in relation to any proceeding, contract, claim, controversy, charge, accusation, arrest, or other matter or thing in which the United States is a party or directly or indirectly interested, before any department, court-martial, bureau, officer, or any civil, military, or naval commission whatever, shall be fined not more than $10,000 and imprisoned not more than two years; and shall moreover, thereafter be incapable of holding any office of honor, trust, or profit under the Government of the United States."

The indictment contained two counts. The first charged that the defendant while a clerk in the employ of the United States received $100 as compensation for services rendered by him to Ferdinando Barile before the United States Veterans' Administration. The second count charged that the defendant agreed to receive $300 as compensation for services rendered by him to Barile before the United States Veterans' Administration. The receipt of compensation and the agreement to receive compensation are made separate and distinct offenses by the statute. Burton v. United States, 202 U.S. 344, 377, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362. I directed a verdict for the defendant upon the second count because the indictment was found more than three years after the date of the alleged agreement.

The second count is, therefore, not before me upon this motion and the question is limited to the sufficiency of the government's evidence to sustain the conviction upon the first count. That evidence, considered in the light most favorable to the government, may be briefly summarized, as follows:

The defendant was a clerk in the employ of the United States Veterans' Administration in its office at Lyons, New Jersey. He received and distributed to the appropriate departments of that office files and records which came from the office in Washington and concerned the status of disability awards to veterans. On January 5, 1935, he received the record of Barile which indicated that the latter was entitled to an additional sum for past disability benefits, but instead of forwarding it immediately in the normal course of business to the adjudication department he retained it until January

18, 1935. In the meantime he visited Barile and advised him that he, Reisley, was a physician connected with the Veterans' Administration and could procure an additional disability award for him and agreed to do so for $300. Thereafter the defendant permitted the Barile file to go forward to the adjudication department which awarded Barile $898.39. After receiving this sum Barile paid $100 to the defendant on account of the agreed compensation. His conviction upon the first count was for the offense of receiving compensation for services rendered before the Veterans' Administration.

■ It would seem clear from this brief recital of the government's case that the defendant was guilty of obtaining money by false pretenses which is made a crime by section 2:134-1 of the New Jersey Revised Statutes (N.J.S.A. 2:134-1). This is not the offense for which he was indicted and convicted. That crime, in the language of the first count of the indictment, was that the defendant "did receive from the said Ferdinando Barile * * * the sum of one hundred dollars * * * as compensation for services rendered to the said Ferdinando Barile by the said Bayard I. Reisley before the said Veterans Administration, in relation to" the matter of awarding disability benefits to Barile and for securing payment of the sum of $898.39 disability benefits found to be due him. The gravamen of that crime is that the defendant received compensation for services rendered to Barile before the Veterans' Administration. There was no evidence that the defendant rendered services to Barile, in the sense of advancing his claim, before the Veterans' Administration. On the contrary it is clear that the right of Barile to receive additional benefits had already been approved and that Barile therefore required no help from the defendant. In fact the success of the defendant's scheme was entirely dependent upon his ability to retard the progress of the Barile record toward formal adjudication. The government urges that his releasing of the Barile record after his agreement for compensation with Barile constituted the rendering of a service to the latter. This action, which merely neutralized his previous disservice, was not the service he had agreed to render, however, and I do not think that it was rendered before the Veterans' Administration within the meaning of the statute.

■ Congress has enacted numerous statutes with the purpose of safeguarding the integrity of the public administration and has made penal many actions by public officers which would result in corruption in government. The Criminal Code includes sections dealing with extortion, embezzlement and bribery, 18 U.S.C.A. §§ 171, 175, 183, 186, 199, 200. In section 113, with which we are here concerned, Congress dealt with that threat to the integrity of governmental action which arises when a Senator, Representative, departmental head or other federal officer or clerk sells his influence to a claimant against the government. It is the trading for pay of the prestige or power which comes with the defendant's position in the government that is dealt with by this section. If no other government official knows of the defendant's interest in the matter at hand, if the latter argues no claim, appears before no department or governmental body on behalf of the one who pays him, makes no appearance by himself or agent in the matter in which the United States has an interest, and does not himself take favorable action in his own department upon the matter, it is obvious that he has not utilized his position with the government or his influence with his co-workers to serve the claimant who has paid him. Whatever his offense if he receives pay for imaginary services falsely represented to have been rendered in a matter already decided by others in the claimant's favor, it is not that contemplated by the statute upon which the defendant before me was indicted. Because of the absence of evidence as to actual services rendered to Barile by the defendant his conviction cannot stand.

The defendant's motion for a new trial is granted.