**Lisa Carrion DeMARRIAS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 88–1018.**

United States District Court, D. South Dakota, N.D.

April 29, 1989.

Robert Mines, Hot Springs, S.D., for plaintiff.

David L. Zuercher, Asst. U.S. Atty., Pierre, S.D., for defendant.

MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

On May 9, 1988, plaintiff Lisa Carrion DeMarrias brought this action under the Federal Tort Claims Act against the United

States, James J. Parisien, and Robert Goudreau. Parisien and Goudreau at all relevant times were police officers employed by the Bureau of Indian Affairs on the Standing Rock Indian Reservation. Plaintiff contends that she suffered an injury to her back when officers Parisien and Goudreau arrested her on July 4, 1984. Plaintiff was thirty-two years old and pregnant at the time of the arrest.

In August of 1986, plaintiff was examined by Doctor Jesse Easton in Rapid City, South Dakota. Although Dr. Easton is a medical doctor employed part-time by the Veterans Administration Hospital in Sioux Falls, South Dakota, Dr. Easton examined the plaintiff as a part of her private practice. Dr. Easton evaluated plaintiff's back pains and made a report of her examination, which both the plaintiff and defendants have obtained.

On March 9, 1989, the parties made arrangements to take a trial deposition of Dr. Easton in Sioux Falls. Soon after the deposition began, the United States raised objections and instructed Dr. Easton not to answer questions on the grounds that as a federal employee, Dr. Easton could not testify in a tort case against the United States unless authorized to do so. The deposition ended shortly after it had started.

On March 23, 1989, plaintiff filed a "motion for declaratory relief" requesting this Court essentially to overrule the defendant United States' objection to the deposition testimony by Dr. Easton and to award costs for the retaking of her deposition. Defendant United States resists the motion.

At the deposition, the United States based its position that Dr. Easton could not testify on 18 U.S.C. §§ 203 and 205 and 38 C.F.R. § 0.735–22(a). Section 203 of Title 18 sets forth the offenses of extortion and bribery by federal employees and is designed to prevent government corruption. Section 203 simply is not applicable to this situation. *See United States v. Adams,* 115 F.Supp. 731 (D.N.D.1953), *appeal dismissed,* 209 F.2d 954 (8th Cir.1954).

Section 205 of Title 18 is also of limited applicability to Dr. Easton in this case. In relevant part, § 205 states:

> Whoever, being an officer or employee of the United States ... in any agency of the United States, ... otherwise than in the proper discharge of his official duties —(1) ... receives any gratuity, or any share of or interest ... in consideration of assistance in the prosecution of [a claim against the United States is guilty of a federal criminal offense.]

In enacting § 205, Congress intended to prevent federal employees from using private government information to assist persons who have claims against the United States. See *United States v. 679.19 Acres of Land,* 113 F.Supp. 590 (D.N.D.1953). Section 205 also is designed to protect the integrity of the government and promote high ethical standards. *Athridge v. Quigg,* 655 F.Supp. 779, 781 (D.D.C.1987).

This Court can find no cases where an individual who works part-time for a governmental agency has been found to have violated § 205 by testifying in a case against the United States. Indeed, § 205 expressly states that "[n]othing herein prevents an officer or employee from giving testimony under oath ..." Certainly, § 205 is somewhat cryptic and there is virtually no authority to guide this Court in applying § 205 to this case. Nonetheless, it is clear that the purposes of § 205 are not disserved by permitting Dr. Easton to testify about her observations and findings concerning the examination of the plaintiff that Dr. Easton conducted as part of her private practice.

As additional authority for its position, the United States relies upon 30 C.F.R. § 0.735–22(a), Executive Order No. 11222, and a letter opinion of the Office of Government Ethics dated January 27, 1983. Section 0.735–22(a) merely restates 18 U.S.C. §§ 203 and 205 without elaborating on the pertinent parts of those provisions. Similarly, Executive Order No. 11222, 30 Fed.Reg. 6469 (1965), only outlines ethical standards for government employees and contains no provision directly governing this controversy. The Veterans Adminis-

tration has implemented Executive Order 11222 by promulgating 38. C.F.R. §§ 0.735–1 through –85, *see Refine Const. Co., Inc. v. United States*, 12 Cl.Ct. 56, 60–61 (1987), but these provisions do not address the question of whether part-time VA doctors may testify in suits against the United States.

The letter opinion dated January 27, 1983 provides the most applicable authority to this case. The letter opinion expresses the view that "an appearance by a current employee [of the United States] as an expert witness [on behalf of the plaintiff] in a proceeding in which the United States is named as a defendant-in-chief would be prohibited by [standards prohibiting conflicts in interest in federal employment.]"

However, there is no true conflict of interest problem presented by Dr. Easton's testifying in this case. Unlike with legal representation where an attorney is obliged to be an advocate for his or her client, a medical doctor is to give an objective evaluation of each patient when testifying. Therefore, the ethical principles governing conflicts of interest in dual private-government employment are less strict for doctors than for lawyers, as 18 U.S.C. § 205 implicitly recognizes. In the instant case, plaintiff is calling Dr. Easton to testify about her examination of the plaintiff in the course of her private practice and not to testify about information Dr. Easton gained as a doctor at the VA hospital. It is this Court's understanding that Dr. Easton will testify only about the examination and her findings and thus will be an "expert" witness only to a limited extent. Under these circumstances, this Court can find no applicable law or ethical standard forbidding Dr. Easton from testifying.

The United States also argues that plaintiffs' motion improperly seeks an advisory opinion from this Court. Indeed, plaintiff awkwardly entitled the motion as one "for a declaratory judgment." However, what plaintiff truly has filed is a motion to compel discovery under Rule 37(a)(2) of the Federal Rules of Civil Procedure, and this

Court has elected to treat the motion as such.