**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CEDRIC A. KILLEBREW,
                Appellant,

        v.

DEPARTMENT OF
    TRANSPORTATION,
                Agency.

DOCKET NUMBER
AT-0752-19-0414-I-2

DATE: September 4, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James M. Allen</u>, Esquire, Memphis, Tennessee, for the appellant.

<u>Anna N. Winkle</u>, Esquire, <u>Elizabeth A. Sorrells</u>, <u>Kyle Fields</u>, and <u>Linda Martin</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

     The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Prior to his removal, the appellant was employed as a Railroad Safety Inspector, GS-2121-12, with the Federal Railroad Administration. *Killebrew v. Department of Transportation*, MSPB Docket No. AT-0752-19-0414-I-1, Initial Appeal File (IAF), Tab 8 at 226. On March 15, 2019, the agency removed the appellant for (1) engaging in outside employment activity that conflicts with official duties (five specifications, citing 5 C.F.R. § 2635.802 and 18 U.S.C. § 203(a)); (2) conduct unbecoming a Federal employee (one specification, based on an unrelated incident); (3) misuse of government property (three specifications); and (4) failure to report outside position on financial disclosure report (one specification, citing 5 C.F.R. §§ 2634.307 and 2634.907). *Id.* at 226.

The appellant filed a timely appeal on March 25, 2019. IAF, Tab 1. The initial appeal was dismissed without prejudice and later refiled automatically. IAF, Tab 14; *Killebrew v. Department of Transportation*, MSPB Docket No. AT-0752-19-0414-I-2, Appeal File (I-2 AF), Tab 1. On November 19, 2019, following a hearing, the administrative judge issued an initial decision sustaining the removal. I-2-AF, Tab 22, Initial Decision (ID). The administrative judge

found that the agency failed to prove charge (2), but proved charges (1), (3), and (4) by a preponderance of the evidence. ID at 2-20. He further found that that the appellant failed to establish his affirmative defenses of race discrimination, retaliation for equal employment opportunity (EEO) activity, and denial of due process. ID at 20-23. Finally, he conducted an independent analysis of the *Douglas* factors[2] and concluded that the removal penalty was reasonable based on the sustained misconduct. ID at 24-27.

The appellant timely filed the instant petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the administrative judge made errors of material fact, specifically, in finding that the appellant did not file an Office of Government Ethics (OGE) Form 450 (Confidential Financial Disclosure Report) during the years 2014 through 2016, and also in finding that the appellant engaged in outside business during the years 2013 through 2015. *Id.* at 6-7. The appellant explains that these alleged errors go to the merits of charges (1) and (4) and the reasonableness of the penalty. *Id.* at 7-8. The appellant further argues that the administrative judge misinterpreted 18 U.S.C. § 203(a), and that the agency failed to demonstrate a violation of the statute, as alleged in charge (1). PFR File, Tab 1 at 8-13.[3] The appellant also argues that the administrative judge erred in disallowing testimony by a proposed witness and documentary evidence of the proposed witness's statement to the Federal Bureau of Investigation (FBI). *Id.* at 13-14. The appellant further argues that the agency violated his due process rights when the deciding official relied in part on an

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

[3] Pages 9 and 10 are duplicates.

allegation not mentioned in the proposal notice, specifically, that the appellant had exercised bad judgment by looking the other way when his partner provided him with information "that a reasonable person would have recognized was non-public." *Id.* at 14-15; IAF, Tab 8 at 119. Finally, the appellant argues that the deciding official failed to consider or fully consider relevant *Douglas* factors. PFR File, Tab 1 at 16-17. The appellant does not challenge the administrative judge's findings concerning charge (3) or his affirmative defenses of race discrimination and retaliation for EEO activity.

<u>The administrative judge did not err in sustaining charge (1).</u>

Under charge (1), the agency alleged that on five occasions the appellant solicited business on behalf of his own private company, Genesis Professional Solutions (GPS), offering fee-based Federal Motor Carrier Safety Administration (FMCSA) compliance services to several companies, including a company used for the FBI undercover operation. IAF, Tab 6 at 46-49. In two cases, the agency alleged that the appellant accepted payment on behalf of GPS. *Id.* In the background section of the charge, the agency explained that it considered the appellant to have violated 5 C.F.R. § 2635.802, which prohibits employees from engaging in outside employment activity that conflicts with their official duties, because the appellant engaged in activity prohibited by criminal statute 18 U.S.C. § 203(a). *Id.* at 36; *see* 5 C.F.R. § 2635.802(a) (providing that an activity conflicts with an employee's official duties if it is prohibited by statute).

When an agency charges an employee with violation of a specific criminal statute, the agency must prove the elements of that crime. *See Heath v. Department of Transportation*, 64 M.S.P.R. 638, 645-46 (1994). As relevant here, 18 U.S.C. § 203(a) prohibits a Federal employee from demanding, seeking, receiving, accepting, or agreeing to receive or accept compensation for any "representational services" before a Federal agency, in this case, FMCSA.

The essential details of the events are not in dispute. The record reflects, and the appellant does not dispute, that he offered fee-based FMCSA compliance

services to numerous companies as alleged in specifications (1) through (4). IAF, Tab 6 at 80, 82, 84, 86, 91-98, 100, 102-103, 106. The record also reflects that the appellant admits to receiving payment from at least one company and that he offered services to an FBI undercover agent regarding FMCSA compliance matters, entered into a contract for those services, and received multiple payments for those services, though they were never in fact provided. IAF, Tab 6 at 67, 69-73, 75-76, Tab 7 at 72. The appellant argues, however, that his actions did not violate 18 U.S.C. § 203(a). PFR File, Tab 1 at 8-13.

The appellant concedes that 18 U.S.C. § 203(a) should be construed broadly, and that the administrative judge was correct in finding that the term "representational services" encompasses more than serving as an agent or an attorney. *Id.* at 8-9; ID at 7. However, he argues that the statute nonetheless requires "some interaction" with a Federal agency, which did not occur in this case. PFR File, Tab 1 at 9. In support of his argument, the appellant cites *United States v. Reisley*, 35 F. Supp. 102 (D.N.J. 1940), in which the district court considered the defendant's motion for a new trial following his conviction for a violation of 18 U.S.C. § 203 (1934), a conflict of interest statute that preceded the statute at issue in this case.[4] The defendant, an employee of the Veterans Administration, had received money for promising to effect an increase in benefits for the payor, but the increase had in fact already occurred without any action by the defendant. *Reisley*, 35 F. Supp. at 103-04. The court found that, in the absence of evidence of "actual services rendered to [the payor] by the defendant," the conviction could not stand. *Id.* at 104.

---

[4] The statute at issue in *Reisley* prohibited any Federal employee from "directly or indirectly, receiv[ing] or agree[ing] to receive, any compensation whatever for any services rendered or to be rendered to any person, either by himself or another, in relation to any proceeding, contract, claim, controversy, charge, accusation, arrest, or other matter or thing in which the United States is a party or directly or indirectly interested, before any department, court-martial, bureau, officer, or any civil, military, or naval commission[.]" 18 U.S.C. § 203 (1934); *Reisley*, 35 F. Supp. at 103. Unlike the current § 203(a), the predecessor statute did not explicitly forbid *seeking* such compensation.

The appellant further argues that, contrary to the administrative judge's interpretation, 18 U.S.C. § 203(a) requires "some measure" of intent, which he asserts the agency failed to demonstrate. PFR File, Tab 1 at 12-13. In support of that argument, the appellant cites *United States v. Project on Government Oversight*, 616 F.3d 544 (D.C. Cir. 2010), in which the circuit court found that a related statute, 18 U.S.C. § 209, which prohibits making or receiving contributions "as compensation" for the performance of services as a Federal employee, requires an element of intent on the part of the payor. *Id.* at 550.

These arguments are unsuccessful. First, with exceptions not applicable here, decisions by district courts or circuit courts other than the U.S. Court of Appeals for the Federal Circuit are not binding on the Board, and are authoritative only to the extent the Board finds them persuasive. *Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶ 14 (2008). Moreover, we are not persuaded that *Reisley* should control, given the existence of case law holding that a violation of 18 U.S.C. § 203(a), the statute at issue here, does not require the performance of services or the appearance before a forum enumerated in the statute. *See U.S. v. Freeman*, 813 F.2d 303, 306 (10th Cir. 1987) (citing *U.S. v. Evans*, 572 F.2d 455, 481 (5th Cir. 1978)). Also, unlike the statute at issue in *Reisley*, § 203(a) provides that it is a crime for a Federal employee to "seek[]" compensation for representational services before an agency, which on its face does not entail that the employee actually receive such payment or perform the services in question. 18 U.S.C. § 203(a). Lastly, *Reisley* is distinguishable because, in that case, the Government specifically alleged that the defendant received compensation for "services *rendered* by him to [the payor]." 35 F. Supp. at 103 (emphasis added); *see also id.* at 104 (explaining that the gravamen of the charge was that the appellant "received compensation for services *rendered* to [the payor] before the Veterans Administration") (emphasis added). The agency did not make such an allegation in this case.

Likewise, we are not persuaded that *Project on Government Oversight* should control, given the existence of case law finding that § 203(a), the statute at issue here, does not include an element of specific intent. *See Evans*, 572 F.2d at 481. Additionally, the court in *Project on Government Oversight* did not find that a violation of § 209 requires any particular intent on the part of the *payee*. Admittedly, *Evans* involved the statute's prohibition against *receiving* compensation, whereas the alleged violation in this case also involves the statute's prohibition against *seeking* such compensation, which implies the intent to obtain it. However, it is undisputed and amply clear from the record that the appellant did intentionally seek payment for assistance in compliance matters before FMCSA. Accordingly, we discern no error in the administrative judge's finding that the agency proved charge (1).

The administrative judge did not err in sustaining charge (4).

Under charge (4), the agency alleged that the appellant failed to report his position with GPS on the Form 450s for 2013, 2014, and 2015, in violation of 5 C.F.R. §§ 2634.307 and 2634.907.[5] IAF, Tab 6 at 51-52. The appellant contends that the administrative judge erred in finding that he did not file a Form 450 during the years 2014 through 2016, and in finding that he engaged in outside business during the years 2013 through 2015. PFR File, Tab 1 at 6-7. However, contrary to the appellant's assertions, the administrative judge did not find that the appellant failed to file a Form 450 during the years 2014 through 2016. Rather, the administrative judge found, and the written record reflects, that the appellant did file a Form 450 or the equivalent in early 2014 (covering 2013),

---

[5] Title 5 C.F.R. § 2634.307 provides, with exceptions not applicable here, that a financial disclosure form (such as Form 450) "must identify all positions held at any time by the filer during the reporting period, as an officer, director, trustee, general partner, proprietor, representative, executor, employee, or consultant of any corporation, company, firm, partnership, trust, or other business enterprise, any nonprofit organization, any labor organization, or any educational or other institution other than the United States." Section 2634.907(e) contains substantially identical language.

2015 (covering 2014), and 2016 (covering 2015), but did not report his position with GPS.[6]  ID at 19-20; IAF, Tab 7 at 4, 6-8.  The administrative judge further found that the appellant should have reported the position because he conducted business as the proprietor of GPS during 2013, 2014, and 2015, by soliciting company representatives, by issuing service orders or contracts, or by receiving payments.  ID at 20; *see* IAF, Tab 6 at 79-85 (for 2013), 60 (for 2014), 69-70 (for 2015).

The appellant explains that, when he completed the Form 450 in early 2014, he did not list GPS as a position "primarily because he did not consider GPS to be a going concern."  PFR File, Tab 1 at 7.  He states that this position is supported by the fact that the four proposals he sent in 2013 did not succeed in generating any business.  *Id*.  What matters here, however, is that in his attempts to solicit such business, the appellant held himself out as the proprietor of GPS, which is a reportable *position* under the pertinent regulations.  *See* 5 C.F.R. §§ 2634.307, 2634.907 (listing "proprietor" as a position that must be reported on a financial disclosure form).  The record further shows that the appellant again acted as the proprietor of GPS in 2014 and 2015, during his contacts with undercover FBI agents.  IAF, Tab 6 at 67, 69-70, Tab 7 at 72.  Thus, the administrative judge correctly found that, as alleged in charge (4), the appellant was required by regulation to list his position with GPS on his financial disclosure forms covering 2013, 2014, and 2015, and failed to do so.

---

[6] In the Form 450s completed in February 2015 (covering 2014) and February 2016 (covering 2015), the appellant checked "No" next to statement III, "I have reportable outside positions for myself."  IAF, Tab 7 at 7-8.  It appears that in February 2014, the appellant completed an OGE Form 450-A (covering 2013), in lieu of a Form 450, certifying that he had no new reportable positions since he filed his last Form 450.  IAF, Tab 7 at 6.  In his previous Form 450, completed in January 2013, the appellant had indicated that he did not have any reportable outside positions.  *Id*. at 4.  Thus, if the appellant was required to list an outside position for 2013, he failed to do so.

The administrative judge did not abuse his discretion in denying testimony by a proposed witness and the witness's statement to the FBI.

The appellant argues that the administrative judge erred in disallowing testimony by a proposed witness and documentary evidence of the proposed witness's statement to the FBI. PFR, Tab 1 at 13-14. The appellant asserts that the proposed witness had direct knowledge of the appellant's work history and disciplinary record, as well as direct knowledge of a similarly situated individual who ran an outside business washing railroad cars but did not face discipline. *Id.* at 13-14. The appellant asserts that the testimony and evidence would also demonstrate that he continued to perform his usual duties during the period between January 2015, when the proposing official became aware of the allegations against him, and July 27, 2018, when he was placed on leave pending resolution of the notice of proposed removal.[7] *Id.* at 14.

The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). Moreover, an administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). Here, there was no apparent need for the proposed testimony and evidence, as the agency has never disputed that the appellant had a history of excellent performance and a clean disciplinary record, or that he continued to perform his usual duties during the period between January 2015 and July 2018. Moreover, the fact that another employee ran an outside business washing railroad cars would not establish that the employee was similarly situated to the appellant, who was also charged with misuse of government property and failure to report an outside position on his financial

---

[7] The appellant states that he was "suspended," PFR File, Tab 1 at 14, but the record reflects that he was placed on paid administrative leave pending resolution of the proposed removal, IAF, Tab 6 at 57.

disclosure reports. *See Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 17 (reaffirming holding of *Douglas*, 5 M.S.P.R. at 305, that similarly situated employees must have engaged in the same or similar offenses). Thus, the appellant has not demonstrated that the administrative judge abused his discretion in denying the testimony and documents in question.

The appellant's due process claim provides no basis for further review.

The appellant argues that the agency violated his due process rights when the deciding official relied in part on an allegation not mentioned in the proposal notice, specifically, that the appellant had exercised bad judgment by looking the other way when his partner at DOT provided him with information "that a reasonable person would have recognized was non-public." PFR File, Tab 1 at 14-15; IAF, Tab 8 at 119. The appellant asserts that he did not have an opportunity to respond to that allegation. PFR File, Tab 1 at 15.

This is new argument. In his response to the notice of proposed removal, the appellant implicitly alleged that the agency violated his due process rights because he was not given adequate time to rebut the allegations against him, was not provided the opportunity to interview all witnesses, and did not receive all of the information he requested. IAF, Tab 7 at 75, 77, Tab 8 at 113. In his pleadings before the Board, the appellant again alleged that the agency denied him due process, but he did not elaborate on that claim. IAF, Tab 1 at 6; I-2 AF, Tab 4 at 5-6. As the administrative judge noted, the appellant did not allege that the deciding official relied on new and material ex parte information as a basis for his decision on the merits of the charges or the penalty to be imposed. ID at 23. Thus, the appellant's new claim that the deciding official's penalty analysis relied on ex parte information provides no basis for further review.[8] *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (holding that

---

[8] In any event, the proposal notice did in fact indicate that the appellant's failure to question where his partner obtained non-public information was being considered as an aggravating factor. IAF, Tab 6 at 52-53, 55-56. Moreover, the appellant specifically addressed that allegation in his response to the notice. IAF, Tab 7 at 79.

the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

<u>The appellant's objections to the deciding official's penalty analysis do not provide a basis for further review.</u>

Finally, the appellant argues that the deciding official failed to consider or fully consider relevant *Douglas* factors, including the infrequency of the alleged misconduct, the availability of lesser sanctions, the appellant's 14 years of service, his past performance and work history, and the discipline issued to employees charged with similar or worse misconduct. PFR File, Tab 1 at 16-17. If the appellant means to argue that these alleged errors warrant further review, his argument rests on a misreading of the initial decision. Because the administrative judge did not sustain all of the charges, he did not defer to the deciding official's penalty determination, but instead conducted an independent analysis of the *Douglas* factors. ID at 24-27; *see Hill v. Department of the Army*, 120 M.S.P.R. 340, ¶ 4 n.4 (2013) (conducting an independent penalty analysis when only one of two charges was sustained). Thus, the appellant's objections to the deciding official's penalty analysis are moot, and provide no basis for further review. The appellant has not argued that the administrative judge erred in his own penalty analysis, and we discern no error in the administrative judge's reasoning or in his conclusion that the penalty of removal was reasonable for the sustained misconduct.[9]

---

[9] In his penalty analysis, the administrative judge cited *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 24 (2012), which in turn cites *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010), for the proposition that consistency of the penalty requires enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. ID at 25. During the pendency of this petition for review, the Board issued its decision in *Singh*, which overruled *Lewis* to the extent it is contrary to *Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988), in which the U.S. Court of Appeals for the Federal Circuit held that the proper inquiry is whether the agency knowingly treated employees "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service," *Singh*, 2022 MSPB

## NOTICE OF APPEAL RIGHTS[10]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

15, ¶14. As noted above, *Singh* also reaffirmed the standard set forth in *Douglas*, 5 M.S.P.R. at 305, which requires that similarly situated employees must have engaged in the same or similar offenses, and overruled case law to the contrary. *Singh*, 2022 MSPB 15, ¶ 17. Because the record contains no evidence of other employees who engaged in the same or similar conduct, including the conduct described in charges (3) and (4), the issuance of *Singh* does not affect the administrative judge's assessment of this factor.

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.